**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe DH, | No. CV-23-00759-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Scottsdale Inns LLC, *et al.*, | |
| Defendants. | |

At issue is the parties' Stipulation to File the Parties' Dispositive, Daubert, and Rule 37(C)(1) Sanctions Motion Exhibits Under Seal (Doc. 119, Stip.). The parties request permission to file under seal certain documents used to support their respective dispositive, Daubert, and Rule 37 sanction motions. The Court will grant the Stipulation but will require Defendants to refile their respective dispositive, Daubert, and sanctions motions on the docket as set forth below.

In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related to the merits" of a case, the party seeking to seal the document must demonstrate

1. "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at 1103.

Undoubtedly, the parties' dispositive motions—which currently include Defendant Wyndham Hotels & Resorts, Inc.'s Motion for Summary Judgment (Docs. 120, 122) and Defendants Scottsdale Inn, LLC, PRC Investment LLC, and Parimal Parmar's Motion for Summary Judgment (Docs. 124, 125)—and exhibits are more than tangentially related to the merits of this matter.

Therefore, the parties must thus demonstrate compelling reasons to justify keeping the documents under seal. The documents at issue include transcript excerpts from the depositions of Plaintiff, Kristy Lewis, Marc Merriweather, and Defendant Parimal Parmar, the Howard Johnson International, Inc. Standard of Operation and Design Manual, 2013 Howard Johnson hotel reservations and a guest folio from February 14, 2013, a July 2013 police report, and Plaintiff's responses to various discovery requests (collectively, the "Designated Documents"). (Stip. at 2.) The parties argue that there are compelling reasons to seal the Designated Documents because they either contain Plaintiff's personally identifiable information that could reveal her now-hidden identity, and Defendants' confidential and proprietary business information.

Upon review of the Designated Documents currently lodged under seal at docket entries 123, 128, 129, 130, and 131, the Court finds compelling reasons to seal the original versions. However, this does not relieve the parties from filing redacted versions of those documents on the docket for the benefit of the public. A review of the Designated Documents indicates that much of the information contained therein does not implicate Plaintiff's identity or Defendants' business information. Defendants, therefore, must refile their respective filings currently located at docket entries 121, 122, 125, 126, and 127 attaching redacted versions of the Designated Documents. Defendants should take great care in redacting *only* the information that relates to the Plaintiff's identity and Defendants' confidential and proprietary business information.

. . .

Accordingly, the Court will grant the Stipulation and direct the Clerk of Court to seal documents lodged at docket entries 123 and 128, 129, 130, and 131. The Court will also strike Defendants' various filings located at docket entries 121, 122, 125, 126 and 127 for failing to attach redacted versions of the sealed documents for the public's benefit. Defendants must refile their respective filings that are stricken by this Order with redacted versions of the sealed documents attached no later than October 7, 2025. This Order does not toll Plaintiff's time to respond to Defendants' various filings.

**IT IS THEREFORE ORDERED** granting the parties' Stipulation to File the Parties' Dispositive, Daubert, and Rule 37(C)(1) Sanctions Motion Exhibits Under Seal (Doc. 119).

**IT IS FURTHER ORDERED** directing the Clerk of Court to file under seal the documents currently lodged under seal at docket entries 123, 128, 129, 130, and 131.

**IT IS FURTHER ORDERED** striking Defendants' filings located at docket entries 121, 122, 125, 126 and 127.

**IT IS FURTHER ORDERED** that, no later than **October 7, 2025**, Defendants shall refile their respective filings currently located at docket entries 121, 122, 125, 126 and 127 with redacted versions of the sealed documents attached thereto.

**IT IS FURTHER ORDERED** that this Order does not toll Plaintiff's time to respond to Defendants' filings currently located at docket entries 121, 122, 125, 126 and 127.

Dated this 2nd day of October, 2025.

Honorable John J. Tuchi
United States District Judge